UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAD HELMS<br>12416 Guardian Blvd.<br>Cleveland, OH 44135 | CASE NO: |
| | JUDGE: |
| Plaintiff, | MAGISTRATE: |
| vs. | |
| JAVITCH, BLOCK & RATHBONE, LLP<br>c/o Joel Rathbone, Statutory Agent<br>1100 Superior Ave., 19th Floor<br>Cleveland, OH 44114 | |
| and | |
| JOHN S. SHELLEY<br>1100 Superior Ave., 19th Floor<br>Cleveland, OH 44114 | COMPLAINT<br>(Jury Demand) |
| and | |
| ELIZABETH JONES<br>1100 Superior Ave., 19th Floor<br>Cleveland, OH 44114 | |
| and | |
| BRIAN C. BLOCK<br>1100 Superior Ave., 19th Floor<br>Cleveland, OH 44114 | |
| and | |
| SARAH D. RITZ<br>1100 Superior Ave., 19th Floor<br>Cleveland, OH 44114 | |
| Defendants. | |

1.      Plaintiff, Chad Helms, is an individual residing in Cleveland, Ohio, and is a "consumer" as defined by 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act ("FDCPA"), and R.C. §1345.01(D) of the Ohio Consumer Sales Practices Act ("OCSPA").

2.      Defendant, Javitch, Block & Rathbone ("JBR") is an Ohio limited liability partnership.

3.      Defendants. JBR, John S. Shelley, Elizabeth Jones, Brian C. Block, and Sarah D. Ritz (collectively, the "JBR Defendants"), are each a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

4.      The JBR Defendants are each a "supplier" as defined by R.C. §1345.01(C) of the OCSPA.

### FIRST CLAIM FOR RELIEF
(Violations of the Fair Debt Collection Practices Act
by JBR and its Attorneys and Employees)

5.      Mr. Helms incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and restated herein.

6.      Mr. Helms states, upon information and belief, that on or about April 16, 2007, JBR, on behalf of its client, Palisades Acquisition XVI, LLC f/k/a Centurion Capital Corp. ("Palisades"), filed a lawsuit against him in the Cleveland Municipal Court, case number 07CV008162, seeking to collect an allegedly unpaid consumer debt.

7.      Mr. Helms also states that upon information and belief, that on or about August 27, 2007, JBR obtained a default judgment on its client's behalf against Mr. Helms, despite having failed to perfect service on Mr. Helms.

8.      On or about October 10, 2007, the Cleveland Municipal Court, upon its own motion, vacated and set aside the default judgment entry.

9.      By letter dated November 7, 2007, attorney John S. Shelley of JBR advised Mr. Helms that "[o]ur records indicate a judgment was rendered against you," and advised him further that JBR "recently issued a certificate of judgment for lien for filing with the clerk of court."

10.     On or about November 18, 2007, Mr. Helms responded to Mr. Shelley's letter in writing, disputing the debt, indicating that he had no record of Palisades as a creditor, and demanding verification of said debt.

11.     JBR did not respond to Mr. Helms' letter until he received on February 15, 2008 a letter from paralegal Elizabeth Jones dated February 1, 2008, claiming that the letter's enclosure was verification of the alleged debt. This letter failed to state that it is a communication from a debt

collector, in violation of 15 U.S.C. §1692e(11). A copy of this letter and the enclosure are attached hereto as Exhibit "A" and is incorporated herein by reference.

12.     JBR's "verification" of the alleged debt was a copy of the Cleveland Municipal Court's judgment entry of August 27, 2007 which had been vacated on October 10, 2007 by the Cleveland Municipal Court.  See Exhibit "A."

13.     JBR's provision of a vacated judgment entry as verification of an alleged debt constitutes, among other things, violations of the FDCPA, including but not limited to, a false and misleading representation of the alleged debt, a deceptive representation of the alleged debt, and a misrepresentation of the legal status of the alleged debt, per 15 U.S.C. §1692e generally and 15 U.S.C. §1692e(2)(A) and (10) specifically.

14.     Despite having misrepresented the legal status of the alleged debt, the JBR Defendants then resumed debt collection without having provided proper verification of the debt.  Each and every subsequent act of debt collection by the JBR Defendants following the deceptive representation of the debt constitutes a violation of the FDCPA, including but not limited to, violations of 15 U.S.C. §1692g(b) and 15 U.S.C. §1692e.

14.     At approximately the same time that the JBR Defendants were representing to Mr. Helms that it already had a judgment against him, they were again attempting to secure a judgment by default against him, again without serving Mr. Helms with process or notifying him of any hearing.  On February 5, 2008, attorney Brian C. Block of JBR appeared before a magistrate of the Cleveland Municipal Court, said hearing having been set by the court on November 16, 2007, with notice sent that same day to JBR only of said hearing.

15.     The conduct of the JBR Defendants was intentional and cannot be said to have been a bona fide error as contemplated under 15 U.S.C. §1692k(c), because the docket of the Cleveland Municipal Court evidences that the JBR Defendants were aware that the initial judgment was vacated, that a new hearing date was set, and that indeed JBR's attorney Brian C. Block attended the hearing, while simultaneously, the JBR Defendants took over two and a half months to provide verification of the alleged debt, more than enough time to determine that there was no judgment and then provide proper verification, if any existed, of the alleged debt.

16.     Further, while JBR's letter providing the false verification was dated February 1, 2008, it was not delivered to Mr. Helms until February 15, 2008, well after the February 5, 2008 default hearing.  Mr. Helms believes, and therefore avers, that the JBR Defendants intentionally withheld the verification letter until after JBR and Brian Block attended the February 5, 2008 default hearing, in an effort to secure a judgment for a debt that the JBR Defendants could not properly verify.  This conduct constitutes deceptive practices by the JBR Defendants in violation of the FDCPA.

17.     On or about August 12, 2008, Mr. Helms, by and through counsel, filed a motion with the Cleveland Municipal Court to vacate the judgment as void, or in the alternative, to seek relief from judgment pursuant to Ohio Civil Rule 60(B).

18.     JBR declined to file any written opposition on behalf of Palisades to the motion to vacate. At the hearing on the motion to vacate which was held on or about October 14, 2008, attorney Sarah D. Ritz of JBR appeared and represented for the first time to Mr. Helms, his counsel, and to the court that Palisades had no objection to the motion to vacate.

19.     JBR did not cause Palisades to release the judgment lien until November 6, 2008.

20.     To date, the JBR Defendant have failed to provide Mr. Helms or his counsel verification of the alleged underlying debt.

21.     To date, the JBR Defendants have failed to cause Palisades to either serve Mr. Helms with summons or dismiss Mr. Helms from the action pending in the Cleveland Municipal Court.

22.     All of the above actions by the JBR Defendants constitute deceptive practices in violation of the FDCPA.

23.     As a result of these violations of the FDCPA, the JBR Defendants are liable to Mr. Helms for declaratory judgment that their conduct violated the FDCPA, and Mr. Helms is entitled to his actual damages, statutory damages of up to $1,000 per violation, costs and reasonable attorney's fees.

SECOND CLAIM FOR RELIEF
(Violations of the Ohio Consumer Sales Practices Act
by JBR and its Attorneys and Employees)

24.     Mr. Helms incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and restated herein.

25.     A violation of the FDCPA is a per se violation of the OCSPA.

26.     The above-stated conduct of the JBR Defendants constitutes unfair, deceptive, and unconscionable acts that violate R.C. §1345.02 and/or R.C. §1345.03.

27.     As a result of the above violations of the OCSPA, the JBR Defendants are liable to Mr. Helms for declaratory judgment that their conduct violated the CSPA, and Mr. Helms is entitled to his actual damages, three times actual damages or $200 whichever is greater, costs and attorney's fees.

WHEREFORE, Plaintiff, Chad Helms, respectfully prays for relief as follows:

a)      Declaratory relief that the JBR Defendants' acts and practices violated the FDCPA and the OCSPA;

b)      Actual damages to be determined at trial;

c)      Statutory damages of up to $1,000 per violation available pursuant to 15 U.S.C. §1692k;

d)      Actual and statutory damages for violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.09

e)      Costs and reasonable attorney's fees, pursuant to the 15 U.S.C.A. §1692k and R.C. §1345.09; and

f)      Such other and further relief as this Honorable Court deems proper.

Respectfully submitted,


/s Michael Dylan Brennan
Michael Dylan Brennan (0066682)
The Law Office of Michael Dylan Brennan, LLC
5910 Landerbrook Drive, Suite 200
Mayfield Heights, OH 44124
440.996.0066
Fax: 440.446.1240
mbrennan@ohiolegalcounsel.com

Attorney for Plaintiff, Chad Helms




JURY DEMAND

Plaintiff demands a jury trial of the maximum number of jurors allowed on all the issues so triable.


/s Michael Dylan Brennan
Michael Dylan Brennan (0066682)

Attorney for Plaintiff, Chad Helms